## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NICHOLAS P. ORSI,

Defendant.

8:16-CR-336

ORDER

This matter is before the Court on the defendant's two motions for leave to file under seal. Filing 35; filing 36. The motions will be granted, but some discussion is warranted.

This Court's procedure for filing documents under seal is set forth in NECrimR 12.5(a): A party seeking to file a sealed document must electronically file a motion to seal. NECrimR 12.5(a)(i). That motion should explain why sealing the document is necessary. *See id.* At the same time, the document that the party seeks to file under seal should be filed, not attached to the motion, but separately as a sealed document or sealed motion. NECrimR 12.5(a)(ii). It remains provisionally sealed pending the Court's ruling on the motion to seal. *Id.* And, because CM/ECF does not provide electronic notice of sealed filings, the filing party must provide all parties entitled to notice with the sealed filing by alternative forms of service. NECrimR 12.5(b). Then, the Court may grant the motion to seal, deny the motion and unseal the document, strike the document, or order the filing party to file a redacted copy. NECrimR 12.5(a)(iii).[1]

---

[1] In each instance when restricting access to a filing is requested, the Court must consider the degree to which sealing a judicial record would interfere with the interests served by

That procedure was not followed here. Contrary to NECrimR 12.5(a)(ii), the documents to be sealed were filed as attachments to the motions to seal, not as separate documents. *See*, filing 35-1; filing 36-1; filing 36-2. This is problematic because it creates uncertainty about whether a motion or objection has actually been asserted—for instance, in this case, because the defendant's objection (filing 35-1) and motion for variance (filing 36-1) were not filed in CM/ECF as objection or motion events, they do not appear as pending on the reports CM/ECF generates for the Court. Objections and motions that are not properly filed could be overlooked. Furthermore, contrary to NECrimR 12.5(a)(ii), the documents were not filed as provisionally sealed—they were publicly accessible until the Court noticed the omission and sealed them on its own initiative. And obviously, a failure to provisionally seal documents when they are filed risks disclosing confidential information during the time between the filing of the document and the Court's attention being drawn to the oversight. Finally, the certificate of service for each document represents reliance on electronic service. Filing 35-1 at 2; filing 36-1 at 2; filing 36-2 at 3. This was contrary to NECrimR 12.5(b) but, because the documents were not actually filed under seal, electronic service was provided in this case.

The Court has edited the docket entries for filing 35 and filing 36 to seal their attachments. The Court will also consider the defendant's objection to the presentence report (filing 35-1) and motion for downward variance (filing 36-1) to have been properly filed—in other words, the Court considers them pending and will so note in its tentative sentencing findings. And

---

the common-law right of access, and balance that interference against the interests served by maintaining confidentiality of the information sought to be sealed. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).

finally, finding sufficient cause to seal the objection and motion for variance, the Court will grant the motions to seal. But, for future reference, the defendant's counsel is respectfully advised to observe the requirements of NECrimR 12.5.

IT IS ORDERED:

1.    The defendant's motion for leave to file his objection to the presentence report under seal (filing 35) is granted.

2.    The defendant's motion for leave to file his motion for downward variance under seal (filing 36) is granted.

Dated this 26th day of July, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge