IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-336 |
| vs. | |
| NICHOLAS P. ORSI, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The parties object to the presentence report. Filing 34; filing 35.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The parties object to the presentence report, arguing that the drug quantity amount as reflected in the plea agreement results in a base offense level of 34 under U.S.S.G. § 2D.1.1. The presentence report recommends a base offense level of 38.

The plea agreement stipulates that the defendant be held responsible for at least 5 kilograms, but less than 15 kilograms, of a mixture of methamphetamine. This drug quantity amount triggers a base offense level of 34. *See* U.S.S.G. § 2D1.1(a)(5) and

(c)(3). The presentence report, however, indicates that the drug quantity attributed to the defendant, based on statements made by co-conspirators, is 55.81 kilograms of methamphetamine. This quantity triggers a base offense level of 38. *See* U.S.S.G. § 2D1.1(a)(5) and (c)(1).

The court will resolve this matter at sentencing.

3. The defendant also contends that probation, in calculating his total offense history, failed to consider his safety-valve eligibility under U.S.S.G. § 5C1.2. *See* filing 35.

    The safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 n.3 (8th Cir. 2010); *see also, United States v. Morones*, 181 F.3d 888, 891 (8th Cir. 1999); *United States v. Tournier*, 171 F. 3d 645, 646-47 (8th Cir. 1999). But the defendant has the burden to show affirmatively that he has satisfied each requirement for the safety value, including whether truthful information and evidence have been given to the government. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005).

    The Court will resolve this issue at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified

that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of August, 2017.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge